# UNITED STATES DISTRICT COURT
## Eastern District Of Texas

Marco OmiagboPhilips,

          Plaintiff,

vs.

Digital Federal Credit Union,

          Defendant.

**COMPLAINT**

4:23cv 240 ALM/KPJ

**FILED**

MAR 2 4 2023

Clerk, U.S. District Court
Eastern District of Texas

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This action arises out of the Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq ("FCRA").

### JURISDICTION

2. Jurisdiction of this court is proper pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(2) because the conduct at issue occurred in this district, Plaintiff resides in this district and defendant conducts business in this district.

### PARTIES

4. Plaintiff, Marco E. OmiagboPhilips (hereinafter "Plaintiff"), is a natural person who resides in Collin County, Texas and is a consumer as per the term defined by 15 U.S.C §1681a(c).

5. Defendant, Digital Credit Union, (hereinafter "Defendant") is a credit union that is licensed to do business in the state of Texas.

6. Defendant has a principal place of business that is located at 220 Donald Lynch Boulevard, Marlborough MA 01752.

7. Defendant is a "person" as defined in 15 U.S.C § 1681a(b) and a furnisher of consumer information pursuant 15. U.S.C § 1681s-2(b).

## PURPOSE OF FAIR CREDIT REPORTING ACT

8. § 602. Congressional findings and statement of purpose [15 U.S.C. § 1681] (a) Accuracy and fairness of credit reporting. The Congress makes the following findings: (1) The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers. (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers. (4) There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

(b) Reasonable procedures. It is the purpose of this title to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the

consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title.

9. The FCRA was created to ensure fair and accurate credit reporting, promote efficiency, and protect consumer privacy.

10. Congress considered inaccurate and misleading information to be a most serious problem.

11. The FCRA applies to situations in which the information relevant to a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living" is collected. 15 U.S.C § 1681a(d).

12. The credit Industry has constructed a method of numeric-alpha codes for considering consumer credit report disputes. See 15 U.S.C § 1681i(a)(5)(D).

13. The consumer reporting agencies Equifax, Experian, TranUnion, have thus created the online solution for complete and Accurate Reporting, Or e-OSCAR, as the credit industries standard of performance. e-OSCAR allows data furnishers to create and respond to disputes initiated by consumers by routing credit reporting agency-created prompts to automated consumer dispute verifications to the appropriate data furnishers. e-Oscar utilizes a numeric-alpha language specific to the credit reporting industry.

14. This unique language is commonly referred to as Metro II in the credit reporting industry.

15. Metro II are used on an industry wide form known within the credit industry as Automated Credit Dispute Verification ("ACDV") electronic form.

16. These ACDV "fields" have many fields in their body for use in effecting thorough and complete communications between data furnishers and the credit reporting agencies.

## FACTUAL ALLEGATIONS

17. On or about January 20, 2023 the plaintiff noticed several errors on his consumer report.

18. On January 22, 2023 the plaintiff sent out certified letter with return receipt to the Consumer reporting agencies Transunion, Experian, Equifax requesting the reinvestigation of the completeness and accuracy of the accounts reporting on the plaintiffs consumer report per FCRA.

19. Plaintiff also requested the name of the persons, with their business addresses, that the defendant contacted for verification of this information.

20. The Plaintiff also demanded to see any document that bears his signature on the accounts being investigated.

21. On March 07, 2023 the plaintiff received reinvestigation results from the TransUnion file number 310945112.

22. After thorough review of the reinvestigation results letter received, accounts still reported in error.

23. The Plaintiff finds 2 accounts that claimed to be reinvestigated by the defendant not marked as disputed which is a violation of FCRA procedure in the case of disputed accuracy.

24. Transunion forwarded the Plaintiffs dispute information to the defendant for investigation as required by 15 U.S.C 1681(a)(2).

25. Defendant failed to conduct a reasonable investigation into the account, in violation of 15 U.S.C 1681 s-2(b).

26. Defendant incorrectly verified to Transunion that both accounts #646142 were reporting accurately on his consumer reports, in violation of 15 U.S.C 1681s-2(b).

27. Plaintiff's BlockFi Visa Signature credit card for $10,000 was shut down due to defendants' adverse reporting.

28. Plaintiffs Elan financial $25,000 credit card limit was cut to $5,900 drastically reducing his buying power due to defendants adverse reporting.

29. Plaintiff FICO score dropped from 730+ (excellent) to 539 (poor) plaintiff unable to get loan for his real estate business and lost 2 $100,000 deals.

30. Plaintiff lost a 12 unit real estate apartment complex deal in Beaumont Tx, where plaintiffs role is the credit partner on the deal.

## CAUSE OF ACTION

### COUNT ONE.

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C §1681.**

31. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

32. Defendant violated 15 U.S.C § 1681s-2(b) by failing to conduct reasonable investigation with respect to the disputed information and failing to update and/or remove the inaccurate tradeline or to report the account as disputed.

33. As a result of the Defendant's violations of the FCRA, Plaintiff has suffered actual damages not limited to the detriment of his credit rating, a 12 unit real estate transaction in Beaumont Tx,

where plaintiffs role is the credit partner on the deal, embarrassment, anxiety, anger, tarnished reputation, humiliation, $49,100 loss of buying power, reduced access to credit, higher interest rate and fees.

34. Defendant's violations were negligent, rendering it liable for damages under 15 U.S.C.§ 1681o.

35. Defendant's conduct, actions were willful, rendering it liable damages in an amount to be determined by court pursuant to 15 U.S.C § 1681n.

36. Plaintiff is entitled to recover actual damages, statutory damages, and cost of attorney fees from Defendant in the amount to be determined by the court pursuant to 15 U.S.C. §1681n and 15 U.S.C § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- An award of actual and statutory damages against Defendant for its violations of the FCRA pursuant of 15 U.S.C § §1681n and 1681o;
- An award of punitive damages against Defendant for its willful noncompliance with the FCRA pursuant to 15 U.S.C § 1681n;
- An award of cost against Defendant pursuant to 15 U.S.C §§ 1681n and 1681o; and
- Such other and further relief as the Court may deem just and proper.

Date: 03/24/2023

Respectfully Submitted:

Marco OmiagboPhilips

8700 Stonebrook Pkwy #1080

Frisco, Texas 75034

mophilips@gmail.com

267 303 0219