**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **MARCO OMIAGBOPHILIPS,** | § § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 4:23-cv-240-ALM-KPJ** |
| **DIGITAL FEDERAL CREDIT UNION,** | § § § | |
| **Defendant.** | § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant Digital Federal Credit Union's ("Defendant")

Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure

12(b)(6) (the "Motion to Dismiss") (Dkt. 10), to which Plaintiff Marco OmiagboPhilips

("Plaintiff") filed a response (the "Response") (Dkt. 16), and Defendant filed a reply (the "Reply")

(Dkt. 17). For the reasons that follow, the Court recommends that the Motion to Dismiss (Dkt. 10)

be **GRANTED**.

**I.     BACKGROUND**

On March 24, 2023, Plaintiff, proceeding *pro se*, filed the Complaint (Dkt. 1) against

Defendant. Dkt. 1 at 1. In the Complaint (Dkt. 1), Plaintiff asserts that on or about January 20,

2023, he noticed "several errors on his consumer report." Dkt. 1 at 4. Plaintiff asserts that on

January 22, 2023, he requested a reinvestigation with the consumer reporting agencies ("CRAs")

Trans Union, Experian, and Equifax. *Id.* Plaintiff asserts that he also "requested the name of the

persons, with their business addresses, that . . . [D]efendant contacted for verification of this

information" and "demanded to see any document that bears his signature on the accounts being

investigated." *Id.* Plaintiff asserts that he "received reinvestigation results" from Trans Union on

March 7, 2023. *Id.* Plaintiff alleges that "[a]fter thorough review of the reinvestigation results letter received, [the] accounts [were] still reported in error." *Id.* Plaintiff alleges that he found "[two] accounts that claimed to be reinvestigated by the defendant not marked as disputed which is a violation of [Fair Credit Reporting Act ("FCRA")] procedure in the case of disputed accuracy." *Id.* Plaintiff alleges that Trans Union sent the dispute to Defendant; "Defendant failed to conduct a reasonable investigation into the account"; and "Defendant incorrectly verified to [Trans Union] that both accounts #646142 were reporting accurately on his consumer reports." *Id.* at 4–5. Plaintiff asserts a cause of action under 15 U.S.C. § 1681s-2(b) against Defendant for "failing to conduct a reasonable investigation with respect to the disputed information," failing to update or remove the "inaccurate tradeline," and failing to "report the account as disputed." *Id.* at 5.

On April 18, 2023, Defendant filed its first Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "First Motion to Dismiss") (Dkt. 5). In the First Motion to Dismiss (Dkt. 5), Defendant raises two arguments: (1) the Complaint (Dkt. 1) "does not contain sufficient factual allegations," specifically, "Plaintiff does not identify which credit product or trade line reported by [Defendant] supposedly contains an inaccuracy, what information therein is supposedly inaccurate, or on what basis he believes that [Defendant] failed to conduct a reasonable investigation into any dispute that he allegedly initiated"; and (2) Plaintiff's claim that Defendant did not mark two accounts as "disputed" fails as a matter of law because such a duty only arises when the "consumer initiates the dispute directly with the furnisher"—not the CRAs. Dkt. 5 at 1–2.

On May 1, 2023, Plaintiff filed the Amended Complaint (Dkt. 8) as a matter of course. *See* FED. R. CIV. P. 15(a)(1)(B). Plaintiff's factual assertions remain largely unchanged from the Complaint (Dkt. 1). Plaintiff maintains that on or about January 20, 2023, he "noticed several

errors on his consumer report." Dkt. 8 at 6. Plaintiff alleges that on January 22, 2023, he requested reinvestigation with the CRAs. *Id.* Plaintiff alleges that the CRAs then contacted Defendant about two account numbers: (1) 0064614210-141; and (2) 006461421-142. *Id.* at 7. Plaintiff alleges that he received reinvestigation results from Trans Union and "[a]fter thorough review of the reinvestigation results received, [the] accounts [were] not marked disputed which is a violation of the FCRA as [Defendant] did not record the current status which is part of [Defendant's] duties." *Id.* Plaintiff alleges that Defendant knew "that Plaintiff was disputing the accounts because the [CRAs] sent the dispute notifications pursuing [sic] to 15 U.S.C[.] § 1681(a)(2)." *Id.* Plaintiff claims that this is "a violation of FCRA procedure in the case of disputed accuracy." *Id.* Plaintiff further alleges that "Defendant failed to conduct a reasonable investigation into the accounts, in violation of 15 U.S.C. [§] 1681s-2(b)." *Id.* Plaintiff alleges that "Defendant incorrectly verified to [Trans Union] that both accounts #646142, #646141 were reporting accurately on his consumer reports, in violation of 15 U.S.C. [§] 1681s-2(b)." *Id.*

On May 12, 2023, Defendant filed the Motion to Dismiss (Dkt. 10), wherein Defendant raises similar arguments to those in the First Motion to Dismiss (Dkt. 5). First, Defendant argues that "Plaintiff has failed again to provide sufficient factual allegations to satisfy the *Twombly/Iqbal* plausibility standard." Dkt. 10 at 1. Specifically, Defendant argues that "Plaintiff does not identify what information furnished by [Defendant] is supposedly inaccurate, much less on what basis he believes that [Defendant] failed to conduct a reasonable investigation into any purported inaccuracies." *Id.* Second, Defendant argues that Plaintiff's claim that Defendant violated the FCRA because it did not label the challenged trade lines as "disputed" following reinvestigation fails as a matter of law. *Id.* at 2.

On June 28, 2023, the Court called this case for a Rule 16 Management Conference. *See* Minute Entry for June 28, 2023. Counsel for Defendant appeared; however, Plaintiff did not appear, and the hearing was therefore not held. *See id.* On June 30, 2023, the Court ordered that Plaintiff file a response, if any, to the Motion to Dismiss (Dkt. 10). *See* Dkt. 15. In accordance with that order, Plaintiff filed the Response (Dkt. 16) on July 12, 2023. In the Response (Dkt. 16), Plaintiff states that he is not bringing a claim under "s-2(a)." Dkt. 16 at 2. Plaintiff further asserts a new allegation: "Plaintiff believed that the accounting 'balance' was inflated and therefore disputed the information set forth in the [FCRA] with the [CRAs]." Dkt. 16 at 7. Plaintiff also alleges that "Defendant has failed to notate . . . Plaintiff's dispute after being notified directly by the [CRAs]." *Id.* Accordingly, Plaintiff asserts that the Motion to Dismiss (Dkt. 10) should be denied "because Plaintiff has met every pleading standard and also the Defendant has been put on notice to understand the claim Plaintiff has filed." *Id.*

On July 18, 2023, Defendant filed the Reply (Dkt. 17). Defendant contends that Plaintiff did not respond to its arguments and "[i]nstead, he just copies verbatim the 'Preliminary Statement' of his Amended Complaint." Dkt. 17 at 1. Further, Defendant asserts that Plaintiff's new factual allegation, that the balance was inflated, should not be considered because "a complaint cannot be amended by briefs in opposition to a motion to dismiss." *Id.* at 2 (quoting *Hack v. Wright*, 396 F. Supp. 3d 720, 737 (S.D. Tex. 2019)). Finally, Defendant requests that Plaintiff's Amended Complaint (Dkt. 8) be dismissed with prejudice because "[a]ny amendment would be futile, Plaintiff has repeatedly failed to cure the defects in his case, and his overall litigation behavior has caused undue delay and manifested bad faith." *Id.* at 4.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Because dismissals under Rule 12(b)(6) are disfavored, the Court must accept all well-pleaded facts in the plaintiff's complaint as true, "even if doubtful or suspect," and view them in the light most favorable to the plaintiff. *Peña Arita v. United States*, 470 F. Supp. 3d 663, 680 (S.D. Tex. 2020). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

A claim will survive an attack under Rule 12(b)(6) if, considering all well-pleaded facts, the complaint states a plausible claim for relief, rather than "the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The well-pleaded facts must allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* When considering a motion to dismiss for failure to state a claim, the Court's review is limited to the complaint, any document attached to the complaint, and any document attached to the motion to dismiss that is central to the claim and referenced by the complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

The Court is also mindful that it "must construe the pleadings of *pro se* litigants liberally to prevent the loss of rights due to inartful expression." *Perez v. Dall. Cnty. Jail*, No. 20-cv-1697, 2022 WL 1215781, at *2 (N.D. Tex. Mar. 31, 2022) (cleaned up); *see also Andrade v. Gonzales*,

5

459 F.3d 538, 543 (5th Cir. 2006). "But 'liberal construction does not require that the Court . . . create causes of action where there are none.'" *Rolan v. LaSalle Sw. Corr.*, No. 20-cv-2842, 2021 WL 5568168, at *3 (N.D. Tex. Nov. 1, 2021) (omission in original) (quoting *Smith v. CVS Caremark Corp.*, No. 12-cv-2465, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013)).

## III.    ANALYSIS

### A.    Motion to Dismiss

The FCRA, 15 U.S.C. § 1681, "creates various obligations on 'furnishers of information' to provide accurate information to [CRAs]." *Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 794 (N.D. Tex. 2014) (footnote omitted) (first quoting *Smith v. Nat'l City Mortg.*, No. 09-cv-881, 2010 WL 3338537, at *15 (W.D. Tex. Aug. 23, 2010); and then citing 15 U.S.C. § 1681s-2). Specifically, upon receiving notice of a dispute from a CRA, the furnisher is required to:

> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2) of this title;
>
> (C) report the results of the investigation of to the [CRA];
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a [CRA] only, as appropriate, based on the results of the reinvestigation promptly—
>
> > (i) modify that item of information;
> >
> > (ii) delete that item of information; or
> >
> > (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1).

"Although the Fifth Circuit has not specifically addressed the issue, court[s] in the Fifth Circuit have held that consumers can bring private suits for violations of § 1681s-2(b)." *Spencer v. Experian Info. Sols., Inc.*, No. 21-cv-393, 2022 WL 1271128, at *4 (E.D. Tex. Apr. 28, 2022) (citing *Paul v. Trans Union, LLC*, No. 20-cv-794, 2021 WL 3503393, at *4 (E.D. Tex. July 21, 2021), *R. & R. adopted*, 2021 WL 3487485, at *5 (E.D. Tex. Aug. 9, 2021)). "Indeed, while § 1681o creates a private right of action for negligent violations of the [FCRA], § 1681n provides a similar remedy for willful violations." *Id.*

A plaintiff must prove four elements to recover against a furnisher: "(1) the furnisher provided inaccurate credit information about Plaintiff to a CRA; (2) Plaintiff notified a CRA that this information in his or her credit report was inaccurate; (3) the CRA notified the furnisher of the dispute; and (4) after receiving this notice, the furnisher failed to conduct a reasonable investigation and provide notice to the CRA to correct the reporting errors." *Id.* (quoting *Schoch v. Wells Fargo Home Mortg.*, No. 16-cv-619, 2017 WL 2385626, at *4 (E.D. Tex. Apr. 11, 2017), *R. & R. adopted*, 2017 WL 2312079, at *1 (E.D. Tex. May 26, 2017)) (internal quotation marks omitted).

### 1.    FCRA Claim

Defendant argues that "Plaintiff has failed to plausibly allege the first, second, or fourth elements of a § 1681s-2(b) claim." Dkt. 10 at 5. Regarding the first element, Defendant argues that "[t]here are no plausible allegations in the Amended Complaint that [Defendant] furnished inaccurate credit information." *Id.* Regarding the second element, Defendant argues that Plaintiff has not "sufficiently pled that he notified the CRAs that information in his credit report was inaccurate." Dkt. 10 at 6. Specifically, Defendant argues that although Plaintiff alleges that he requested reinvestigation, Plaintiff has not alleged "more than a nebulous request to investigate

7

the 'completeness and accuracy' of an entire trade line." *Id.* Regarding the third element, Defendant argues that "Plaintiff has failed to plausibly plead that [Defendant] did not conduct a reasonable investigation upon receipt of his dispute from the CRAs." *Id.* at 7. Specifically, Defendant argues that "Plaintiff identifies nothing else in the reinvestigation report that was allegedly erroneous or indicative of an unreasonable investigation." *Id.*

In the Amended Complaint (Dkt. 8), Plaintiff asserts that he "noticed several errors on his consumer report." Dkt. 8 at 6. Plaintiff alleges that he then "sent out [a] certified letter with return receipt to the [CRAs] [Trans Union], Experian, [and] Equifax requesting the reinvestigation of the completeness and accuracy of the accounts reporting on the Plaintiffs consumer report per FCRA." *Id.* Next, Plaintiff alleges that "[u]pon information and belief[,] [Trans Union], Experian[,] and Equifax contracted [sic] [Defendant] about the two account [sic] with account numbers (1) 0064614210-141[, and] (2) 006461421-142." *Id.* at 7. Plaintiff alleges that (1) after reviewing the reinvestigation results, he found two accounts "that claimed to be reinvestigated by . . . [D]efendant not marked as disputed"; (2) "Defendant failed to conduct a reasonable investigation into the accounts"; and (3) "Defendant incorrectly verified to [Trans Union] that both accounts #646142, [and] #646141 were reporting accurately on his consumer reports." *Id.*

The primary failure here is that Plaintiff fails to plead specific facts that allege the first element—that there was an inaccuracy in his credit report provided by Defendant as furnisher of the information. Plaintiff concludes, without factual support, that he noticed "errors" on his consumer report.[1] Without further information regarding the alleged errors, Plaintiff's allegations

---

[1] In the Response (Dkt. 16), Plaintiff states that he "believed that the accounting 'balance' was inflated." Dkt. 16 at 7. On a Rule 12(b)(6) motion to dismiss, the Court may only consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation omitted). Because the Response (Dkt. 16) is the first time that Plaintiff has alleged that the balance was inflated, the Court may not consider this "extraneous

are conclusory statements and do not rise above the level of mere speculation. Plaintiff's complaint

fails to provide sufficient detail to give notice to Defendant about the nature of Plaintiff's dispute.

Thus, Plaintiff must specifically allege the inaccuracy that he noted in his credit report to survive

the Motion to Dismiss (Dkt. 10). *See Reeves v. Nelnet Loan Servs.*, No. 17-cv-3726, 2018 WL

2200112, at *4 (S.D. Tex. May 14, 2018) (finding the plaintiff alleged no facts stating a plausible

claim for relief where she did "not allege facts supporting a plausible inference that she had

discharged any of the debts reported by [the defendants] or that she had not actually opened a

reported credit line or incurred a reported debt"); *Miller v. Hope Fed. Credit Union*, No. 22-cv-5,

2022 WL 1207152, at *2 (N.D. Miss. Apr. 22, 2022) (finding the plaintiff's allegations that the

defendant stole her identity, sold it to CRAs, and furnished her banking information to CRAs

without her permission insufficient to plausibly allege the first element); *Pressley v. Cap. One*,

415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (finding that the plaintiff failed to state an FCRA claim

in part because she did not describe "the allegedly false and misleading information that appears

in the accounts"). *But cf. Spencer*, 2022 WL 1271128, at *1–*4 (finding that the plaintiff

sufficiently alleged the first element when she alleged that she obtained her Experian credit file

and discovered that the defendant was reporting a tradeline for a debt allegedly owed by the

plaintiff to the furnisher of information in the amount of $2,628.00, which allegedly did not belong

to the plaintiff as she was a victim of identity theft); *Paul v. Trans Union, LLC*, No. 20-cv-794,

2021 WL 3503393, at *5 (E.D. Tex. July 21, 2021), *R. & R. adopted*, 2021 WL 3487485 (E.D.

Tex. Aug. 9, 2021) (finding the plaintiff's allegations that that the defendant incorrectly reported

that the plaintiff owed $1,517.88 that he did not actually owe sufficient to allege the first element).

---

allegation." *Morris v. City of New Orleans*, 350 F. Supp. 3d 544, 551–52 (E.D. La. 2018) (declining to consider "extraneous allegations" because "the Court may only rely on the factual allegations contained with the plaintiff's complaint when deciding a Rule 12(b)(6) motion to dismiss").

Thus, Plaintiff's allegation that he "noticed several errors on his consumer report" does not state more than the mere possibility of misconduct.

Because the second element requires that Plaintiff notify the CRAs of the inaccurate information that he found in his credit report, Plaintiff's allegations regarding the second element necessarily fail due to his failure to allege the first element. While Plaintiff alleges that he "request[ed] the reinvestigation of the completeness and accuracy of the accounts," Plaintiff has not alleged what information was incomplete and inaccurate and, therefore, has not alleged that he notified the CRAs of such information. *See* Dkt. 8 at 6. Thus, Plaintiff also fails to sufficiently allege facts supporting the second element of his claim.

Finally, Plaintiff must allege that based on the information that Plaintiff provided in his dispute, Defendant failed to conduct a reasonable investigation. The reasonableness of Defendant's investigation is necessarily tied to the information Plaintiff provided to the CRAs regarding the alleged errors that he found in his credit report. The fact that Plaintiff's credit report remained unchanged after the reinvestigation does not in and of itself mean that Defendant's investigation was unreasonable. Without information regarding the alleged errors that Plaintiff noted, there is no information that allows the Court to draw a reasonable inference that Defendant's investigation was unreasonable. Thus, Plaintiff's complaint fails to state facts supporting the fourth element of his § 1681s-2(b) claim.

**2.    Defendant's Alleged Failure to Mark the Account as "Disputed"**

In the Amended Complaint (Dkt. 8), Plaintiff alleges that the "accounts was [sic] not marked as disputed which is a violation of the FCRA[,] as [Defendant] did not record the current status[,] which is a part of [Defendant's] duties." Dkt. 8 at 7. Defendant argues that, as a matter of law, Plaintiff cannot maintain a cause of action based upon Defendant's alleged failure to mark

10

the trade line as disputed. Dkt. 10 at 8. Defendant raises two arguments in support of this contention: (1) the duty to mark an account as disputed arises only when a consumer makes a direct credit dispute, under § 1681s-2(a), not an indirect dispute, under § 1681s-2(b); and (2) the Court should not follow out-of-circuit authority finding a cause of action where a furnisher's continuing failure to flag an account as disputed can constitute a violation of § 1681s-2(b). *Id.* at 8–10.

First, a furnisher's duty to mark a trade line as disputed arises under § 1681s-2(a) and not § 1681s-2(b). Under § 1681s-2(a), "[i]f the completeness or accuracy of any information furnished by any person to any [CRA] is disputed to such person by a consumer, the person may not furnish the information to any [CRA] without notice that such information is disputed by the consumer." 15 U.S.C. § 1681s-2(a)(3). Under § 1681-2(b), a furnisher, upon receiving notice of a dispute from a CRA, is required to investigate the disputed information and report any inaccurate or incomplete information to the CRAs. Specifically, § 1681-2(b) requires the furnisher to promptly modify, delete, or permanently block the reporting of any inaccurate or incomplete information found during the investigation. *Id.* at § 1681s-2(b)(1)(D)–(E). Notably, none of the furnisher's obligations under § 1681s-2(b) include marking the trade line as "disputed." Thus, a furnisher's failure to notify the CRAs that the consumer disputed an account violates § 1681s-2(a). However, a consumer has no private right of action for a violation occurring under § 1681s-2(a). *See* 15 U.S.C. § 1681s-2(c)(1). Thus, a consumer cannot state a cause of action against a furnisher for its failure to notify the CRAs of the consumer's dispute after receiving a direct dispute from that consumer. *See, e.g.*, *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009).

The question remains whether a consumer could state a cause of action under § 1681s-2(b) for a furnisher's subsequent failure to report a dispute to the CRAs when responding to the CRAs requests for reinvestigation. While the Fifth Circuit has not considered this question, the Third,

Fourth, and Ninth Circuits have held that a furnisher can be liable for their *continuing* failure to flag an account as disputed. *See Seamans v. Temple Univ.*, 744 F.3d 853, 866 (3d Cir. 2014); *Saunders v. Branch Banking & Tr. Co. of Va.*, 526 F.3d 142, 149 (4th Cir. 2008); *Gorman*, 584 F.3d at 1162. Defendant argues here that the Court should not follow the Third, Fourth, and Ninth Circuits because the absence of a specific requirement to report consumer disputes in § 1681s-2(b) means that Congress did not intend for furnishers to report disputes to CRAs when responding to their requests for consumer dispute verification. Dkt. 10 at 9–10. This argument mirrors the argument rejected by the Fourth Circuit in *Saunders*, 526 F.3d at 149. In rejecting the defendant's argument, the Fourth Circuit held:

> This argument ignores the interplay of § 1681s–2(a) and § 1681s–2(b). The first subsection, § 1681s–2(a), provides that furnishers have a general duty to provide accurate and complete information; the next subsection, § 1681s–2(b), imposes an obligation to review the previously disclosed information and report whether it was "incomplete or inaccurate" upon receipt of a notice of dispute from a CRA. The second subsection thus requires furnishers to review their prior report for accuracy and completeness; it does not set forth specific requirements as to what information must be reported, because these requirements have already been set forth in the first subsection. No court has ever suggested that a furnisher can excuse its failure to identify an inaccuracy when reporting pursuant to § 1681s–2(b) by arguing that it should have already reported the information accurately under § 1681s–2(a).

*Id.* at 149–50. The Court finds this logic persuasive. Many district courts in this Circuit have presumed, without deciding, that the Fifth Circuit would reach the same conclusion as the Third, Fourth, and Ninth Circuits and proceeded to consider whether the plaintiff stated a claim under this line of reasoning. *Reeves*, 2018 WL 2200112, at *6; *Thomason v. World Fin.*, No. 23-cv-109, 2023 WL 4375499, at *3 (W.D. Tex. July 6, 2023), *R. & R. adopted*, 2023 WL 4833482 (W.D. Tex. July 27, 2023); *Lawson v. Navient*, No. 17-3465, 2018 WL 3370657, at *3 (S.D. Tex. May 18, 2018), *R. & R. adopted sub nom. Lawson v. Navient Sols., Inc.*, 2018 WL 3329861 (S.D. Tex. July 5, 2018); *Hurst v. Equifax Info. Servs., LLC*, No. 20-cv-1366, 2021 WL 5926125, at *8 (W.D. Tex. Dec. 15, 2021). Accordingly, the Court will do the same.

12

"Only '*bona fide*' disputes or disputes with an indicia of merit obligate furnishers to disclose that a consumer's account is subject to dispute." *Reeves*, 2018 WL 2200112, at *6 (emphasis in original). Plaintiff alleges that he noticed "errors" in his credit report. *See* Dkt. 8 at 6. However, as discussed above, Plaintiff does not support this conclusory assertion with any factual allegations that would permit the Court to conclude that the alleged errors are bona fide or even potentially meritorious. *See supra* Section III.A.1.; *see also Gorman*, 584 F.3d at 1163 ("[A] furnisher does not report 'incomplete or inaccurate' information within the meaning of § 1681s-2(b) simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading. It is the failure to report a bona fide dispute, a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under § 1681s-2(b)."); *Seamans*, 744 F.3d at 867 ("[A] private cause of action arises under 15 U.S.C. § 1681s-2(b) when, having received notice of a consumer's potentially meritorious dispute, a furnisher subsequently fails to report that the claim is disputed."); *Saunders*, 526 F.3d at 151 ("[W]e assume without deciding that a furnisher incurs liability under § 1681s-2(b) only if it fails to report a meritorious dispute."). Therefore, Plaintiff has not alleged a plausible claim for relief under this line of reasoning. The Court finds that the Motion to Dismiss (Dkt. 10) should be granted.

B.    **Leave to Amend**

A "plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). Further, a *pro se* litigant should generally be offered an opportunity to amend his complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054

(5th Cir. 1998) (per curiam)). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Id.* at 768 (quoting *Bazrowx*, 136 F.3d at 1054). The Court can deny leave to amend where such an amendment would be futile. *See, e.g.*, *Isom v. U.S. Dep't of Homeland Sec.*, No. 20-cv-948, 2021 WL 2232052, at *3 (E.D. Tex. Apr. 28, 2021), *R. & R. adopted*, 2021 WL 2224345 (E.D. Tex. June 2, 2021).

In the present case, the Court finds that permitting Plaintiff to amend his complaint is warranted. Although Plaintiff has amended his complaint once before, *see* Dkt. 8, this is the first time the Court has addressed the sufficiency of Plaintiff's allegations. In addition, many of the infirmities identified by this Report and Recommendation may be remedied in an amended complaint. For example, Plaintiff may specifically describe the alleged errors that he noticed in his credit report, including the inflated balance alleged in the Response (Dkt. 16), and specify in which accounts the alleged errors were located. Therefore, the Court recommends that Plaintiff be given leave to amend his complaint.

## IV.    RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion to Dismiss (Dkt. 10) be **GRANTED**.

The Court further recommends that Plaintiff's claims against Defendant be **DISMISSED**, and Plaintiff be given leave to file an amended complaint no later than fourteen (14) days after the entry of the Memorandum Adopting Report and Recommendation, if any.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 8th day of February, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE